ERIC GRANT
United States Attorney
DAVID W. SPENCER
KEVIN C. KHASIGIAN
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALECSA OJEDA DE OREGEL,

Defendant.

2:23-cr-00231-JAM-2

**STIPULATION AND ORDER FOR FINAL ORDER OF FORFEITURE**

IT IS HEREBY STIPULATED, by and between plaintiff United States of America and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary under the Deed of Trust and nominee for the Lender its successors and assigns, and Cenlar FSB ("Cenlar") as servicer and attorney in fact for United Wholesale Mortgage, LLC (MERS and Cenlar, collectively, "Petitioner"), to compromise and settle their interest in the real property located at 4607 East Garibaldi Avenue, Stockton, California, San Joaquin County, APN: 087-080-010-000,[1] and to consent to the entry of a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(a).

1. On April 2, 2026, this Court entered a Preliminary Order of Forfeiture pursuant to the provisions of 21 U.S.C. § 853(a), based upon the plea agreement entered into between the United States and defendant Alecsa Ojeda De Oregel forfeiting to the United States the above-referenced real property.

2. Beginning on April 7, 2026, for at least 30 consecutive days, the United States published

[1] The property is more fully described in Exhibit A attached hereto.

notice of the Court's Order of Forfeiture on the official internet government forfeiture site www.forfeiture.gov. Said published notice advised all third parties of their right to petition the Court within sixty (60) days from the first day of publication of the notice for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property. The Declaration of Publication was filed on July 7, 2026.

3. The United States of America completed direct written notice by certified mail to United Wholesale Mortgage, MERS, the San Joaquin County Department of Child Support Services, and Clerk, United States District Court.

4. On May 20, 2026, petitioner Cenlar filed a petition[2] in parallel Case Number 2:26-MC-00168-JAM-SCR, alleging a lien holder interest in the real property located at 4607 East Garibaldi Avenue, Stockton, California, APN: 087-080-010-000, alleging as follows:

a. On or about March 29, 2019, Alecsa Ojeda De Oregel executed a Promissory Note ("the Note") in favor of UWM in the original principal amount of $178,500.00. The Note was and is secured by a Deed of Trust dated March 29, 2019, recorded on April 2, 2019, as Document Number 2019-0322592 in the official records of San Joaquin County, California. The Deed of Trust states that MERS is the beneficiary and nominee for the Lender, UWM its successors and assigns.

b. As of May 20, 2026, the principal due and owing under the Note was $159,586.30 and the interest due and owing was $10,379.43. Interest will continue to accrue at $18.04 per diem.

5. No other parties have filed petitions in this matter regarding this real property, and the time in which any person or entity may file a petition has expired.

6. The parties hereby stipulate that Cenlar is the servicer and attorney in fact for lien holder UWM on the real property and MERS is the beneficiary under the Deed of Trust. MERS has a legal right, title, or interest in the real property, and such right, title, or interest requires the Court to amend the Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(c)(2) to account for their interest, because such interest was vested in them rather than defendant Alecsa Ojeda De Oregel at the time of the commission of the acts which give rise to the forfeiture of the real property. *See* 21 U.S.C. § 853(n). The

[2] MERS is the named beneficiary under the Deed of Trust that is Exhibit A to the Petition filed by Cenlar FSB. As such, while Cenlar services the Loan, it is MERS that holds the Deed of Trust secured by the subject property.

parties further stipulate, however, that Alecsa Ojeda De Oregel has an ownership interest in the real property and the Preliminary Order of Forfeiture remains valid to the extent it orders the forfeiture of her interest.

7. The parties agree that the sale of the real property shall be handled by the U.S. Marshals Service ("USMS") in a commercially reasonable manner. The USMS (or their designee) shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the property. Any and all personal possessions not removed within thirty days from the entry of this Final Order of Forfeiture will be disposed of by the United States without further notice.

8. The United States agrees that upon entry of this Final Order of Forfeiture and sale of the real property pursuant to this Final Order of Forfeiture, the United States will not contest payment to Cenlar from the proceeds of the sale, after payment of outstanding real property taxes assessed against the property and expenses reasonably incurred by the USMS to sell the property, the following:

a. All unpaid principal due to Petitioner under the Note dated March 29, 2019, in the principal amount of $159,586.30. The Note is secured by a Deed of Trust recorded in the San Joaquin County, California, Official Records as Document Number 2019-0322592, recorded on April 2, 2019. As of May 20, 2026, the loan balance, including principal, interest, fees, and costs, was $178,352.61, plus reasonable attorneys' fees.

b. All unpaid interest at the contractual base rate (not the default rate) under the above Note, secured by the Deed of Trust, until the date of payment.

c. The exact amount to be paid to Petitioner shall be determined at the time of payment but shall not be less than the amounts set forth above.

d. To the United States, 100% of the net proceeds from the sale of the property after the above disbursements, which shall be forfeited to the United States and disposed of as provided for by law.

9. The payment to Petitioner shall be in full settlement and satisfaction of all claims and petitions by them to the property, and of all claims arising from and relating to the detention and forfeiture of the property. The payment to petitioner shall not include any penalty payments, including any prepayment penalties.

10. Upon payment, MERS agrees to reconvey their security or other interests to the United States via recordable documents. All parties to this stipulation hereby release the United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the forfeiture and sale of the real property located at 4607 East Garibaldi Avenue, Stockton, California. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said forfeiture and sale, as well as to those now known or disclosed. The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her would have materially affected his or her settlement with the debtor or released party.

11. Petitioner agrees not to pursue against the United States any other rights that they may have under the Note and/or Deed of Trust, including, but not limited to, the right to foreclose upon and sell the property during the pendency of this proceeding or any post-forfeiture proceeding relating to the marketing and sale of the property, and any right to assess additional interest or penalties except as specifically allowed herein.

12. Petitioner understands and agrees that by entering into this stipulation of their interest in the property, they waive any right to litigate further their ownership interest in the property and to petition for remission or mitigation of the forfeiture. Thereafter, if this Stipulation for Final Order of Forfeiture is approved by the Court, then unless specifically directed by an order of the Court, Petitioner shall be excused and relieved from further participation in this action.

13. Petitioner understands and agrees that the United States reserves the right to void the stipulation if, before payment of the Note or lien, the U.S. Attorney obtains new information indicating that Petitioner is not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture statutes. The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the property. In either event, the United States shall promptly notify Petitioner of such action. A discretionary termination of forfeiture shall not be a basis for any award of fees. Additionally,

Petitioner reserves the right to petition the Court for a modification of this order in the event it determines that the value of the subject property is at an amount which may not be sufficient to satisfy their lien.

14. The parties agree to execute further documents, to the extent reasonably necessary, to release the Deed of Trust and convey clear title to the property to the United States and to implement further the terms of this Stipulation.

15. Each party agrees to bear its own costs and attorneys' fees, except as provided for herein.

16. Payment to Petitioner pursuant to this Stipulation is contingent upon a forfeiture of the property to the United States, the United States' prevailing against any additional third parties alleging claims in an ancillary proceeding, and the Court's entry of this Final Order of Forfeiture.

17. The terms of this Stipulation shall be subject to approval by the United States District Court. Violation of any term or condition herein shall be construed as a violation of an order of the Court.

18. The court shall maintain jurisdiction over this matter to enforce the terms of this stipulation.

Dated: 7/27/2026

ERIC GRANT
United States Attorney

/s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

Dated: 7/27/2026

/s/ Andrea M. Hicks
ANDREA M. HICKS
Attorney for Petitioner Cenlar FSB and Mortgage Electronic Registration Systems, Inc.

(Authorized by email)

**ORDER**

The Court having received, read, and considered the foregoing Stipulation of the parties, and good cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court hereby enters a Final Order of Forfeiture on the terms set forth in the parties' Stipulated Settlement. All right, title, and interest of Alecsa Ojeda De Oregel, the San Joaquin County Department of Child Support Services, and Clerk, United States District Court to the property located at 4607 East Garibaldi Avenue, Stockton, California, APN: 087-080-010-000, is hereby extinguished. The real property at 4607 East Garibaldi Avenue, Stockton, California, APN: 087-080-010-000 is hereby forfeited to the United States pursuant to 21 U.S.C. § 853(a) and shall disposed of as provided for by law.

SO ORDERED.

Dated: July 28, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE

**Exhibit A**

Real property at 4607 East Garibaldi Avenue, Stockton, California, San Joaquin County

The following described property in the City of Stockton, County of San Joaquin, State of California:

LOT 9, AS SHOWN UPON MAP ENTITLED, GARIBALDI GARDEN FARMS, FILED FOR RECORD FEBRUARY 26, 1951, IN VOL. 13 OF MAPS AND PLATS, PAGE 100, SAN JOAQUIN COUNTY RECORDS.

APN: 087-080-010-000